United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30262
Summary Calendar

_____

DAVID DEROUEN, SR.,

Plaintiff-Appellant,

versus

SHONEYS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-785

_____

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

From 1999 until 2000, Plaintiff-Appellant David DeRouen, an

African American, was employed as a Restaurant Supervisor at a

Shoney's location in Lafayette, Louisiana. In the summer of 2000,

Shoney's underwent an internal restructuring of its restaurants'

management staff. As a result, a number of employees, Caucasian

and African American, were demoted from their positions. Shoney's

completely eliminated the Restaurant Supervisor position, along

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the Director of Operations and Dining Room Supervisor positions. Because it eliminated DeRouen's position of Restaurant Supervisor, Shoney's gave DeRouen the title of Cashier/Counter, but his rate of pay remained the same. DeRouen remained employed in that position until Shoney's closed the restaurant and laid off all of the employees. Also during the restructuring, Shoney's promoted Harold Albarado, a white male, to the Assistant Restaurant Manager position, a position for which DeRouen had expressed interest.

DeRouen brought suit alleging employment discrimination on account of his demotion from Restaurant Supervisor to Cashier/Counter and in Shoney's refusal to promote DeRouen to Assistant Restaurant Manager. The district court granted summary judgment in favor of Shoney's, concluding that, even assuming DeRouen could make out a *prima facie* case of discrimination, Shoney's provided legitimate nondiscriminatory reasons for the complained-of employment actions and DeRouen pointed to no competent evidence challenging those reasons.[1] The district court determined that the undisputed evidence showed that DeRouen's title change was due to a restructuring of management positions, and that no employees held the title of Restaurant Supervisor after the restructuring because the position had been eliminated.[2] It

---

[1] *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

[2] Although DeRouen argued that he was demoted on August 7, 2000, and that white employees remained in the position of Restaurant Supervisor after that date, the evidence he submitted to

further reasoned that DeRouen had not challenged Shoney's explanation that it promoted Albarado instead of DeRouen because Albarado had significantly more restaurant experience than DeRouen and had better performance reviews. Reviewing the district court's decision *de novo*, we find that summary judgment as to DeRouen's demotion and promotion claims was appropriate. DeRouen submitted no evidence that Shoney's proffered nondiscriminatory reasons for its employment actions were pretext for discrimination. Therefore, we affirm the district court's grant of summary judgment on these claims.

DeRouen also asserts that he brought a wage discrimination claim and that the district court failed to address his arguments on that claim in its summary judgment decision. Shoney's argues that DeRouen did not include such a claim in his complaint. The district court did not speak to this issue in its order. We vacate the judgment as it relates to any wage discrimination claim that DeRouen may have brought and remand the case to the district court so that it may consider whether DeRouen adequately pleaded such a claim in his complaint[3] and whether the evidence DeRouen presented

the district court showed that he, along with all of the other Restaurant Supervisors to which he pointed, remained in that position until September 18, 2000, at which time they were placed in different positions or were terminated.

[3] DeRouen's complaint appears to be two-part. The first part was type-written by DeRouen, while the second-part is composed of a complaint form provided to him by the district court on which DeRouen hand-wrote certain allegations.

in support of the claim in his response to Shoney's summary judgment motion creates a genuine issue of material fact as to the claim.

AFFIRMED in part; VACATED in part; and REMANDED.